UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY PAUL CUPPAY (#68507)                                    CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                     NO. 08-0293-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, April 29, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LARRY PAUL CUPPAY (#68507)**                                        CIVIL ACTION

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                         NO. 08-0293-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendant Burl Cain, rec.doc.no. 29. This motion is not opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Dr. Mai Tran and unidentified "associate wardens", "medical wardens" and "specialists" at LSP, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal under this Rule if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only

---

[1] Attempts by the United States Marshal's Office to serve defendant Dr. mai Tran have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has not accepted service on this defendant's behalf, asserting that she has retired from employment with the Department. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendant Tran be dismissed, without prejudice. Further, inasmuch as the plaintiff has never provided the identities of the un-named defendants in the Complaint, these parties will be disregarded and will not be treated as defendants in this proceeding.

'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must, in order to provide the "grounds" of "entitle[ment] to relief," furnish "more than labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, as amended, the plaintiff alleges that he suffers with numerous physical ailments and infirmities, including epilepsy, Hepatitis C, two (2) ruptured discs in his spine, a hernia, hypertension,

"protruding blood veins over heart area and down stomach", periodic bleeding from his nose, mouth and anus, arthritis, sinus/nasal/throat problems, herpes, asthma and migraine headaches.  He alleges that while confined at Elayn Hunt Correctional Center in St. Gabriel, Louisiana, he was taking a medication, Neurontin, which was abruptly discontinued when he was transferred to LSP, resulting in withdrawal symptoms.  The plaintiff further alleges that he was assigned to work which was incompatible with his medical condition, resulting in an epileptic attack on an unspecified date and in his sustaining a fall on the cell tier.  When he was thereafter taken to the LSP infirmary, he was not seen by a physician and was simply returned to his housing unit without treatment or medication.  The plaintiff also complains that certain items of his personal property have been confiscated, lost or destroyed, that he has been provided with an inadequate diet, and that he has been made to live in a one-man cell with a co-inmate who is a racist.

In response to the plaintiff's allegations, the defendant initially asserts that the plaintiff has failed to state a cause of action against the defendant in his official capacity.  In this regard, the defendant is correct.  Although it is unclear from the plaintiff's Complaint whether he has named the defendant in his individual and/or his official capacity, in light of the liberality accorded to the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court construes the plaintiff's allegations as naming the defendant in both capacities.  Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendant in his official capacity.

Turning to the plaintiff's claims asserted against the defendant in the defendant's individual capacity, the defendant asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, defendant Cain asserts that the plaintiff fails to sufficiently allege conduct on the defendant's part which amounts to a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. <u>Hale v. Townley</u>, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>. <u>Id.</u>

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendant's motion is well-taken. Specifically, applying this standard to the plaintiff's allegations against defendant Cain, the Court concludes that the plaintiff's Complaint fails to state a claim upon which relief may be granted. Although the plaintiff names Warden Cain as a defendant, the plaintiff fails to include any factual allegations whatever relative to defendant Cain and fails to allege any direct or personal participation by defendant Cain in the events complained of. In this regard, the law

is clear that, in order to be liable under § 1983, a person must have been either personally involved in the conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendant Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. <u>Lozano v. Smith</u>, <u>supra</u>.

In the instant case, other than in the caption of the Complaint, the defendant's name is not mentioned, and there are no factual allegations whatever made against him. The plaintiff makes no suggestion that defendant Cain, as the head warden at LSP, has had any involvement in the plaintiff's medical care, dietary needs, duty assignment, housing assignment or property inventory. Accordingly, based on the foregoing, the Court concludes that the defendant's Motion to Dismiss, rec.doc.no. 29, should be granted, dismissing the plaintiff's claims against defendant Cain for failure to state a claim upon which relief may be granted.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's claims against defendant Mai Tran be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil

Procedure.  It is further recommended that the Motion to Dismiss pf defendant Burl Cain, rec.doc.no. 29, be granted, dismissing the plaintiff's claims against this defendant, with prejudice, on the basis of qualified immunity, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, April 29, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**